**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

Luis Rosado,

        Plaintiff,

v.

Pedro Borreo, et al.,

        Defendants.

Civil Action No. 09-07 (SRC) (MAS)

---

**SHIPP, MICHAEL A., United States Magistrate Judge**

**REPORT AND RECOMMENDATION**

This matter comes before the Court by way of Plaintiff Luis Rosado's ("Plaintiff" or "Rosado") failure to prosecute this matter. For the reasons set forth below, the Undersigned respectfully recommends that the Court dismiss Plaintiff's case.

**I.    Background**

Plaintiff filed a complaint against Defendants Pedro Borreo, Officer Macolino, and Sgt. De La Cruz ("Defendants") in this Court. On October 5, 2010, the case was reassigned to the Honorable Stanley R. Chesler and the Undersigned. (Docket Entry Number ("Doc. No.") 37.) The Court subsequently scheduled this matter for a settlement conference on November 9, 2010. (Doc. No. 38.) After Plaintiff failed to submit a confidential settlement position letter, as required by the Court's October 7, 2010 Text Order, the Court sent Plaintiff a letter, via certified mail, on November 3, 2010, notifying him of his failure and reminding him of the scheduled settlement conference. (Doc. No. 44.) In the letter, the Court specifically advised the Plaintiff that "failure to

appear at the settlement conference may result in entry of an Order to Show Cause as to why this matter should not be dismissed for lack of prosecution." (*Id.*)  Plaintiff failed to appear.

Thereafter, the Court scheduled another in-person settlement conference for June 27, 2011. (Doc. No. 47.) Another letter was sent to Plaintiff by certified mail on June 10, 2011, which included the same language as the Court's November 3, 2010 letter, regarding entry of an Order to Show Cause.  Plaintiff again failed to appear.

After the Court learned that both letters sent to the *pro se* litigant were returned to the Court undeliverable, a third conference was scheduled for July 11, 2011. (Doc. No. 51.) Between June 10, 2011 and July 11, 2011, the Court undertook certain measures in attempt to locate Plaintiff's residential address to no avail. On July 11, 2011, Plaintiff failed to appear a third time.

## II.  **Discussion**

Under Federal Rule of Civil Procedure 37 ("Rule 37"), this Court has authority to sanction a party by way of dismissal of his or her claims. In the Third Circuit, courts consider the following factors in determining whether an imposition of a punitive dismissal under Rule 37 is warranted:

    (1)   the extent of the party's personal responsibility;

    (2)   the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

    (3)   a history of dilatoriness;

    (4)   whether the conduct of the party or the attorney was willful or in bad faith;

    (5)   the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

    (6)   the meritoriousness of the claim or defense.

*James Indus., Inc. v. Lexar Corp.*, 60 Fed. Appx. 385, 388 (3d Cir. 2003) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). Importantly, these factors are not all-inclusive and not all of the factors need to be satisfied in order to dismiss a complaint. *Id.*

Here, upon careful consideration of the relevant factors, this Court finds that dismissal of Plaintiff's Complaint under Rule 37 is warranted. Plaintiff has not made an appearance in this matter since at least October 5, 2010. Moreover, New Jersey Local Civil Rule 10.1(a) requires an unrepresented party to "advise the Court of any change in their . . . address within five days of being apprised of such change by filing a notice of said change with the Clerk." Plaintiff failed to so notify this Court of any change of address. Significantly, Local Civil Rule 10.1(a) further provides that failure to notify the Court of an "address change may result in the imposition of sanctions by the Court." Thus, the Court finds that an imposition of such sanctions is appropriate in the instant matter. Indeed, when a plaintiff fails to comply with Local Civil Rule 10.1(a), the Court may dismiss a complaint. *Toodle v. Bush*, No. 06-4578, 2006 U.S. Dist. LEXIS 89978 (D.N.J. Dec. 13, 2006). Since Plaintiff has failed to notify the Court of any change in address, to prosecute this matter, and has failed to otherwise appear for three consecutive conferences without prior written notice, the Court finds that no other alternative sanction, other than dismissal, is appropriate.

### III. Conclusion

Based on the foregoing, and for other good cause shown, it is respectfully **RECOMMENDED** that the Court dismiss Plaintiff's case.

_____
HONORABLE MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE

Dated: July 14, 2011